THE PEOPLE, &c., Plaintiffs in Error, *v.* FREDERICK CARRING-
TON, Defendant in Error.

(GENERAL TERM, THIRD DISTRICT, SEPTEMBER, 1869.)

The return to a writ of certiorari brought from the determination of the
canal appraisers under sections 16 and 17, of chap. 288, Laws 1840, pre-
sented no question of jurisdiction or of law as having been raised before
or decided by the appraisers.—*Held*, that their determination should be
affirmed.

The act contemplates the review of legal or constitutional questions only.
Per INGALLS, J.

THIS was a certiorari to review the proceedings of the canal
appraisers in assessing the damages of the defendant, occa-
sioned by the construction and improvement of the Oswego
canal.

*W. F. Allen,* for the plaintiff in error.

*J. H. Reynolds,* for the defendant in error.

Present—INGALLS, HOGEBOOM and PECKHAM, JJ.

By the Court—INGALLS, J.   This proceeding is instituted
by the canal commissioners under and by virtue of the statute
entitled " An act respecting State stocks, the commissioners
of the canal fund, and the canal board," passed May 13th,
1840 (Session Laws, 1840, page 228), the sixteenth section of
said act providing as follows:

§ 16. The commissioners of the canal fund or the canal
commissioners may in their discretion cause a certiorari to be
brought by the attorney-general, in behalf of the State, from
the determination of the canal appraisers upon any legal or
constitutional question to the Supreme Court in cases where
any damages have been or shall be awarded upon any claim
for the deprivation of any right or pretended right to the use
of any water or water privileges or fisheries, or for the tempo-

rary use or diversion of any water by the canal commissioners.

The seventeenth section provides, among other things, that the court "may set aside such appraisal for want of jurisdiction in the appraisers, or for any error committed in such determination, except as to the amount of damages awarded."

Upon the argument of this cause we were strongly impressed with the conviction that the return presented no question within the provisions of the statute which this court could properly consider, and subsequent examination has confirmed that conviction. We do not discover that any question of jurisdiction or of law was raised before, or decided by the appraisers. The evidence seems to have been taken substantially without objection, and no propositions appear to have been submitted for the determination of the appraisers. The question which was most discussed by the counsel for the plaintiff in error before this court is that the Oswego river was and is a public highway, and therefore the defendant's land extended only to the bank of the river, and not to the center, does not seem to have been raised before the appraisers. It is true there is evidence in regard to the character of the river, its capacity and the purpose for which it has been used, but it is left for this court to infer for what object such evidence was introduced, and what use if any, was made of it by the appraisers. The legal or jurisdictional question relied upon by the people should have been distinctly raised before the appraisers, and not left to inference. And they should have been incorporated into the proceedings and returned, so that if error had been committed which was the subject of review this court could correct it. We are not to infer that the appraisers have committed error, for if inferences are to be indulged they should be in support of and not against their determination. It is not the policy of the law to allow a party to participate in such a proceeding, omit to take proper objections or raise legal questions and seek redress by certiorari. The statute to which we have referred, provides that such certiorari is to be brought to review any legal or consti-

tutional question, and the court is authorized to set aside the appraisal for want of jurisdiction in the appraisers, or for any error committed by them in such determination, except as to the amount of damages.  It is very clear to my mind that the statute contemplates the review of legal or constitutional questions only, and that such questions shall be fairly raised and decided by the appraisers before a review can be had in this court.  The evidence shows that the defendant did not rest his claim for damages upon one ground but several; and it does not distinctly appear, how much, nor whether any amount was allowed for land claimed by the defendant within the boundaries of the river.  It cannot be insisted with propriety that the claim of the defendant is wholly unsupported by evidence, and the statute prohibits this court from reviewing the amount of such appraisal.  It is reasonable to require a party to fairly apprise his adversary of the legal questions upon which he relies that he may have an opportunity to meet them; and such was obviously the intention of the legislature in framing the statute in question. We are therefore of opinion that the return presents no question which, under the statute referred to, we can review, and that the writ of certiorari should be quashed with costs, but without prejudice to any remedy which the plaintiff in error may deem proper to pursue.

PECKHAM, J., was in favor of affirmance, but not of quashing.